## Lare's Estate

*M. Paul Smith*, for petitioner and accountant.

HOLLAND, P. J., May 21, 1946.—The record facts, the terms of the trust, the identity of the interested party, and the proportion of her interest in said trust are all set out in the petition for adjudication.

The sole interested party, Marion J. French (now Bathrick), is still living and of full age.

The account shows a balance of principal personalty for distribution in the sum of $4,547.50, composed of cash, and an investment security as shown on the second page of the account, and a balance of $42.33 of income personalty for distribution.

All transfer inheritance tax due the Commonwealth has been paid.

At the audit, Marion J. Bathrick presented her petition, in which she sets out facts upon which she requests that the trust be stricken down and the entire principal and accumulated income be paid to her absolutely. Testimony was taken at the audit which clearly proves the facts alleged in her petition to be true.

Item 4 of the will of testatrix which sets up the trust for Marion J. Bathrick bequeathes the sum of $5,000, the subject of this accounting, to her trustee, the present accountant, being the final, remaining, and succeeding trustee of the trust, to pay the income to Marion J. Bathrick, her great-grandniece, during the period of

the natural life of the said Marion J. Bathrick, and directs that at her death the principal should "go to her (Marion J. Bathrick's) issue, if any", and in default of such issue the principal should "go to her (Marion J. Bathrick's) mother, Sallie J. Brown, if she is then living, otherwise to go to her (Sallie J. Brown's) heirs-at-law, absolutely".

Marion J. Bathrick's mother, Sallie J. Brown, the person mentioned in item 4 of the will, died in 1924, leaving no husband to survive her, but survived by Marion J. Bathrick, her daughter and only child, as her only heir at law and next of kin, there being no children or issue of deceased children. We find, therefore, that at the death of Sallie J. Brown, Marion J. Bathrick was her only heir at law and became the presumptive beneficiary of this fund in remainder, which benefit would only be frustrated by the birth of a child or children to the said Marion J. Bathrick. It was proven at the audit by competent testimony that Marion J. Bathrick was born December 25, 1876, and, therefore, she will be 70 years of age on December 25, 1946, so that at the date of this adjudication she is approximately 69½ years old. It was also shown that she experienced her menopause 20 years ago and that she is in ill-health. She never gave birth to any child or children during her entire life and she argues that, primarily owing to her age and secondarily owing to her physical condition, her having a child born to her is no longer a possibility. We are of the opinion that she has proven beyond any doubt that it is impossible for her to have a child born to her, and we so find as a fact.

At common law there was a conclusive presumption that a woman could give birth to a child up until the time of her death, regardless of age, which conclusive presumption could not be rebutted by evidence. This rule has in more recent times been modified and evidence of the impossibility of a woman having a child can be adduced and if sufficiently conclusive the court

can act upon it. See Estate of Joseph Hess, Orphans' Court of Philadelphia County, no. 533, April term, 1884, decided June 3, 1940, and not reported; also see Fiduciary Review, issue of August 1940.

We are of the opinion that this is a proper case to which to apply the more recent rule. Having found that Marion J. Bathrick will never give birth to a child because it is physically impossible for her to do so, and her mother, Sallie J. Brown, having long since been deceased, the terms of the trust designate Marion J. Bathrick, the sole heir at law of Sallie J. Brown at the time of her death, as the inevitable recipient of the principal at the termination of the present and current life interest. Were this trust not stricken down at this time and the principal awarded to Marion J. Bathrick, we would have the absurd situation of the principal of the fund going to her estate at the time of her death and thence to the beneficiaries under her will, or, if she left no will, then to her heirs under the intestate laws. This would be a clear frustration of the original testator's intention that the heir at law of Sallie J. Brown should have the principal of the fund, if Sallie J. Brown were deceased at the time of the termination of the life interest. We are, therefore, of the opinion that this trust should be stricken down and the entire principal and income of the trust awarded to Marion J. Bathrick, absolutely, and the said trust is accordingly stricken down and the principal and accumulated income will be so awarded.

The balances of principal and income, composed as shown on the second page of the account, are awarded to Marion J. Bathrick.

Power and authority are given the accountant to make the necessary assignment and transfer of the investment security composing part of the principal and awarded in kind.

The account is confirmed, and it is ordered and decreed that Norristown-Penn Trust Company, trustee

as aforesaid, forthwith pay the distributions herein awarded.

And now, May 21, 1946, this adjudication is confirmed nisi.

NOTE.—Exceptions to the adjudication nisi not having been filed, it was confirmed absolutely.